IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN FLYNN, GEORGE and KELLY )
BROWN, and MICHAEL KEITH, *on behalf* )
*of themselves and all others similarly situated*,)
                                               )
        Plaintiffs,                )
                                               )      Case No. 3:15-cv-855-MJR-DGW
v.                                )
                                               )
FCA US LLC, *f/k/a* Chrysler Group LLC and )
HARMAN INTERNATIONAL          )
INDUSTRIES, INC.,                 )
                                             )
        Defendants.              )

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Defendant FCA US LLC's Motion for Emergency Relief to Compel Corrective Action for, and Sanctions for, Violation of the Protective Order (Doc. 170) and its Supplemental Evidence in Support of its Motion for Sanctions and its Motion for Sanctions for Additional Violations (Doc. 178). For the reasons set forth below, its Motion for Emergency Relief (Doc. 170) is **GRANTED IN PART** and its Supplemental Motion for Sanctions for Additional Violations (Doc. 178) is **DENIED**.

RELEVANT BACKGROUND

This is a proposed class action in which Plaintiffs assert that various models of Defendant FCA US LLC's ("FCA US") cars and trucks suffer from design defects that allow hackers to gain access to Defendant Harman International Industries, Inc.'s ("Harman") "uConnect infotainment system." Such vulnerability, Plaintiffs allege, allows hackers to gain access to, and take control of, vehicles' powertrain and safety related functions.

On motion of the parties, the Court entered an Amended Protective Order on January 9,

2017 (Doc. 148). Said protective order provides that "[n]o documents, information, or things designated as 'Confidential' or 'Attorneys' Eyes Only' shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, or exhibits, except under seal." The Order also directs that "[p]rovided that no 'Confidential' information is disclosed, the parties may generally refer to documents designated as 'Confidential' in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal" (*Id*. at p. 8).

In FCA US's motion for emergency relief now before the Court, it asserts Plaintiffs violated provisions of the Amended Protective Order and revealed information culled from documents designated as "Confidential" in their public filing of a miscellaneous action to enforce a third-party subpoena filed in the United States District Court for the Northern District of California on April 24, 2017. FCA US asks the Court for various relief due to Plaintiffs' alleged violation, including: (1) order Plaintiffs and their Counsel to withdraw their motion to compel non-party Cisco System, Inc.'s compliance with subpoena duces tecum and memorandum in support in the miscellaneous action; (2) order Plaintiffs to close the miscellaneous action and take any and all other actions necessary to remove FCA US's confidential information from the record; (3) close document discovery; (4) order the payment of attorney's fees and costs incurred by FCA US in connection with Plaintiffs' filing of confidential information in the public record in the miscellaneous action; and (5) grant FCA US all other appropriate relief.

In response to FCA US's motion, Plaintiffs assert that the information deemed "Confidential" by FCA US in its motion is not in fact confidential as it merely references background information that is publicly available. Plaintiffs also remark that they did not attach any confidential documents to their motion or memorandum in the miscellaneous action, but only

referred to generic information from FCA US documents that was not confidential. In support of their argument, Plaintiffs attached (and cited portions of) the deposition testimony of Laith Shina, a Chrysler witness. Plaintiffs also indicated that despite their belief that they in no way violated the Amended Protective Order, by the evening of April 27, 2017, the motion and memorandum in the miscellaneous action were filed under seal.

Soon after Plaintiffs' filed their response to FCA US's motion, FCA US filed a combined supplement to its motion and a motion for sanctions for additional violations (Doc. 178). In its supplemental motion, FCA US asserts that Plaintiffs' filing of excerpts from Shina's deposition was yet another violation of the Protective Order as the time for FCA US to designate the deposition testimony as "Confidential" had not yet passed.

The Court allowed Plaintiffs to respond to FCA US' supplemental motion and said reply was filed on May 4, 2017 (Doc. 179). In their reply, Plaintiffs assert that the Protective Order provides a process for notifying the parties that a deposition contains confidential material in order to invoke the 20-day timeframe and FCA US failed to comply with this process. Accordingly, Plaintiffs assert they had no indication that FCA US was going to designate any portion of Shina's deposition testimony as confidential prior to their filing[1].

The Court held a motion hearing in this matter on May 5, 2017. At the hearing, the Court conducted a thorough review of the information contained in Plaintiffs' miscellaneous filing in the Northern District of California and heard argument from both Plaintiffs and FCA US regarding the documents. Generally, Plaintiffs maintained that the information contained in its filings were in the public domain and urged the Court to conduct its own internet search for said information.

---

[1] Plaintiffs further explain that FCA US counsel deviated from its practice of declaring portions of deposition transcripts confidential on the record at the deposition in its handling of Shina's deposition. This issue was discussed in great detail at the May 5, 2017 motion hearing.

FCA US pointed to confidential documents that contained the cited information and urged the Court to award costs associated with its enforcement of the Protective Order and asked the Court to cease discovery with respect to the production of additional documents.

### DISCUSSION

The first issue before the Court is whether Plaintiffs violated provisions of the Amended Protective Order by disclosing confidential information in their filings in the miscellaneous action pending in the Northern District of California and their filing and reference to portions of Laith Shina's deposition testimony in their response to FCA US's motion for emergency relief.

With regard to Plaintiffs' miscellaneous action and its motion to compel and memorandum in support, the Court finds that portions of this filing contain information (and, on more than one occasion, quoted language), from documents designated as "Confidential" by FCA US. While the Court is mindful of Plaintiffs' argument that the information included in its filings is within the public domain, the Court finds said argument accurate only to a certain extent. Plaintiffs did not provide, and the Court was unable to find, public sources that conveyed all of the information FCA US contends is "Confidential." Thus, Plaintiffs' inclusion of said information in its motion and memorandum in the miscellaneous action was violative of the Protective Order to which all parties agreed. The Court notes, however, that the material at issue has been sealed and is no longer publicly available.

The Court is not convinced that Plaintiffs' reference to and attachment of portions of Laith Shina's deposition testimony was violative of the terms of the Protective Order[2]. Although FCA

---

[2] Despite this finding, the Court is inclined to keep Documents 177 and 177-1 under seal based on Plaintiffs' representation FCA US has now provided confidentiality designations. The Court is aware that Plaintiffs intend to challenge said designations, which may affect the status of said filings.

US is correct that a party may designate as "Confidential" portions of a deposition transcript within twenty days of receipt of the transcript, it seems counterintuitive to allow all deposition testimony of a producing party to be deemed "Confidential" during this time, particularly in light of paragraph 4(b) of the Protective Order. Although the Protective Order is admittedly unclear as to how paragraph 4(b) affects the twenty day "grace period" for designations, the Court finds that the lack of clarity must be decided in Plaintiffs' favor as it is FCA US's burden to demonstrate a violation of the Order.

Finding that Plaintiffs violated the Protective Order by disclosing confidential information contained in documents designated as such in its filing of a motion to compel in a miscellaneous action, the Court must determine whether sanctions are appropriate.

"Protective orders encourage parties to disclose sensitive material, lead to better-informed litigation and decisions, and reduce the costs and delays of litigation. Parties and their counsel must respect and comply with protective orders or these advantages are lost in current litigation and threatened in future litigation. *Olesky v. General Electric Co.*, Case No. 6-C-1245, 2014 WL 3820352, at * 7 (N.D. Ill. August 1, 2014) (quoting *Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC*, 1:11-CV-783-JMS-DKL, 2012 WL 1912578, at *5 (S.D. Ind. May 25, 2012). Accordingly, courts "have a duty to strictly enforce protective orders in the interests of the parties and public"; however, sanctions for violations must be "proportionate, practical, and compatible with other important interests such as deciding claims on their merits, achieving correct decisions, and maintaining the efficiency of litigation and judicial-decision making." *Id.*

In light of the foregoing, and noting that any confidential material has been sealed and is no longer in the public record, the Court finds that closing document discovery and ordering counsel to withdraw their motion to compel in their miscellaneous action too harsh a sanction. An

appropriate sanction is to allow FCA US to recover its costs and attorneys' fees related to addressing and remedying Plaintiffs' actions that were violative of the Protective Order. This includes the reasonable expenses FCA US incurred investigating Plaintiffs' violation of the Protective Order and filing its motion for emergency relief (Doc. 170); however, expenses related to the filing of the supplementary motion should not be included. Counsel for FCA US is **DIRECTED** to file a bill of costs, with support thereof, within **seven days** of the date of this Order.

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**