IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN FLYNN, <br> GEORGE BROWN, <br> KELLY BROWN, and <br> MICHAEL KEITH, <br> *on behalf of themselves and all others similarly situated,* <br><br>           Plaintiffs, <br><br> vs. <br><br> FCA US LLC *doing business as* <br> CHRYSLER GROUP LLC, and <br> HARMON INTERNATIONAL <br> INDUSTRIES, INC. <br><br>           Defendants. | Case No. 15-cv-0855-MJR-DGW |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

In 2015, Plaintiffs Brian Flynn, Michael Keith, and George and Kelly Brown filed this putative class action against Defendants FCA US LLC ("Chrysler") and Harmon International Industries, Inc. alleging a number of claims related to a design flaw in the uConnect system, manufactured by Harmon and installed in some of Chrysler's 2013-2015 vehicles. According to Plaintiffs, the uConnect system allows integrated control over phone, navigation, and entertainment functions in certain vehicles, and it is vulnerable to hackers seeking to take remote control of one of the affected vehicles, as reported in a 2015 WIRED magazine article. Although the article contributed to a voluntary recall by Chrysler, Plaintiffs maintain that the affected vehicles still have a

1

number of vulnerabilities that could allow hackers to access critical and non-critical systems in the vehicles.

Plaintiffs filed an amended complaint (Doc. 49), the operative pleading in this action, on December 22, 2015. Chrysler and Harmon filed motions to dismiss, raising jurisdictional issues and arguing that Plaintiffs failed to state a claim. (Docs. 66, 68, 71). Chrysler then moved to compel arbitration as to the warranty claims of Plaintiffs George and Kelly Brown. (Doc. 99). In two orders dated September 23, 2016, the Court dismissed several of the counts of the amended complaint, ruling on the merits of Defendants' motions with respect to Plaintiffs Flynn and Keith, and directed the Browns to proceed with arbitration on their implied warranty and Magnuson-Moss Act claims. (Docs. 114, 115). The Court did not weigh in on the merits of the motions to dismiss as to the Browns' claims, and, instead, stayed their non-warranty claims pending the outcome of arbitration. (Doc. 114).

The Browns opted not to pursue arbitration, and the Court dismissed several of their claims without prejudice for failure to prosecute. (Doc. 149). The Court granted Defendants leave to file new motions to dismiss directed at the Browns' remaining claims, which they did together with memoranda in support thereof. (Docs. 152, 153, 154, 155, 158, 159). Plaintiffs responded to each motion (Docs. 161, 162, 163), and Defendants have replied (Docs. 166, 167, 168). For the reasons delineated below, the defendants' motions to dismiss are granted in part and denied in part.

A.  **Jurisdictional Challenges**

Defendants raise multiple jurisdictional and standing challenges. Chrysler argues that the Court lacks jurisdiction to order a recall of affected vehicles. The Court has already ruled that Flynn and Keith cannot pursue declaratory relief ordering Defendants to remedy defects in the affected vehicles or to refund the purchase price and now extends that ruling to the Browns' claims. Chrysler also takes issue with the Browns' request for an order requiring Chrysler to stop selling the defective vehicles. The Browns counter that they seek an order "requiring Defendants to desist from further *deceptive* distribution, sales, and lease *practices* with respect to the Affected Vehicles and uConnect system." (Amended Complaint, Doc. 49, p. 111)(emphasis added). While Chrysler argued, and may be correct, that an order requiring Chrysler to stop selling vehicles may present pre-emption issues, Chrysler did not address pre-emption with respect to declaratory relief that would require Defendants to desist from using deceptive practices in the distribution, sale, and leasing of the vehicles at issue in this action. Accordingly, the Court declines to order a preemption-based dismissal of this declaratory request at this time.

Defendants again challenge whether the Browns have standing to pursue any claims. Challenges to standing can be either facial or factual. If a Rule 12(b)(1) motion contends that a plaintiff's complaint lacks sufficient factual allegations to establish standing, the challenge is a facial one, and courts "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, **807 F.3d 169, 173 (7th Cir. 2015)**. Courts "should

use *Twombly-Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges under Rule 12(b)(6)." ***Id.* at 174 (citations omitted)**. With a factual challenge, however, a party does not challenge whether the complaint is formally sufficient and instead contends that there is *in fact* no subject matter jurisdiction. ***Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)**.

Here, despite arguing otherwise in their reply brief, Chrysler raises a facial challenge to standing. The arguments in their opening brief hinge on establishing the insufficient nature of the Browns' injury allegations. The Court previously addressed these arguments and found that Plaintiffs Flynn and Keith lack standing to pursue injuries based on a risk of injury or death and the fear of that injury. (Doc. 115, p. 6). The Browns allege the same injuries as Flynn and Keith. The Court extends its previous ruling to the Browns' claims and finds that they similarly lack standing to pursue damages for a risk of harm or the fear of that risk. Chrysler and Harman reargue standing with respect to alleged injuries for overpayment or diminution in value in their motions to dismiss, arguments the Court again rejects for the reasons explained in the September 2016 Order (Doc. 115).

In addition to the previously considered arguments, Chrysler argues that the Court should distinguish the Browns' circumstances from those of Keith and Flynn and find that they lack standing to pursue overpayment and loss of value damages. According to Chrysler, the Browns' allegations are conclusory and too generalized because the Browns purchased through a special pricing program. The Browns failure to aver that they, personally, paid more than they otherwise would have, even with the

special pricing program, dooms their chances of establishing that they have standing according to Chrysler. The Browns complain the Chrysler inappropriately relies on facts outside of the amended complaint to raise this argument, and they are correct. Even if the Court opted to consider facts outside of the amended complaint, Chrysler's argument is unpersuasive, as paying a lower purchase price does not foreclose the possibility that the Browns could be entitled to damages related to overpayment or diminution of value. Looking at the face of the complaint and accepting all allegations as true, the Browns, like Flynn and Keith, plead sufficient facts to establish standing even without referencing the special pricing program. For these reasons and the reasons explained in the Court's September 2016 order, the Court finds that the Browns, like Flynn and Keith, have pleaded sufficient allegations to establish standing to pursue damages for overpayment and loss of value of their vehicles.

### B. Motions to Dismiss for Failure to State a Claim

According to Defendants, Counts XVI (first), XVII (first), XVIII, XIX, and XX of the amended complaint fail to state a claim.[1] A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009)**. To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice"

---

[1] Due to what appears to be a scrivener's error, the amended complaint contains two counts labeled XIV, XV, XVI, and XVII, with the first set being properly numbered and the second set appearing after Count XXIII. Where necessary, the Court will differentiate between the duplicated counts by identifying the count that appears earlier in the amended complaint as first and the later count as second.

5

of the claim and its basis. *Erickson v. Pardus,* **551 U.S. 89, 93 (2007) (citing** *Twombly***, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)).** In ruling on a motion to dismiss for failure to state a claim, a reviewing court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster***, 658 F.3d 742, 751 (7th Cir. 2011) (citing** *Iqbal***, 556 U.S. at 677-78).**

Plaintiffs' state law fraud claims are subject to the heightened pleading rules of Rule 9(b), which requires pleading "circumstances constituting fraud or mistake . . . with particularity." When pleading fraud claims, a plaintiff "must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate." *Borsellino v. Goldman Sachs Group, Inc.***, 477 F.3d 502, 507 (7th Cir. 2007)(citations omitted)**. To satisfy Rule 9(b), plaintiffs must plead, "the who, what, when, where, and how," of an alleged fraud. *Id.* Under both Rule 8 and Rule 9, the plaintiffs' factual allegations are accepted as true and all reasonable inferences are drawn in their favor. *Id.* **(citing** *Goren v. New Vision Int'l, Inc.***, 156 F.3d 721, 725-26 (7th Cir. 1998))**.

Chrysler first argues that the Browns have not adequately pleaded any legally cognizable damages. The Court addressed, and rejected, a similar argument with respect to Flynn and Keith's claims in the September 2016 ruling on Defendants' motions to dismiss. As the Court explained, the operative complaint documents the 2015 WIRED article, explains the recall process, and provides fairly developed allegations as to how the recall did not go far enough, thereby causing damage to the

6

plaintiffs in the form of overpayment and lost value for their vehicles. That is sufficient to plead damages under the federal standards.

The question for now is whether Missouri law forecloses claims for the kinds of damages at issue here. Chrysler argues that, where a product performs satisfactorily and an alleged defect does not manifest, there are no damages. *See Briehl v. General Motors Corp.*, **172 F.3d 623, 628 (8th Cir. 1999)**. Plaintiffs counter that their complaint alleges that every affected vehicle manifested at least three defects. The allegations about manifested defects in the affected vehicles are sufficient to differentiate the Browns' claims from those in *Briehl* where the plaintiffs sued over ABS braking systems that exhibited no defects. It is not clear that Missouri law forecloses claims for damages for manifested defects, and, as such, the Court declines to dismiss the Missouri claims as a whole based on a failure to plead damages.

Harmon again raises the economic loss doctrine with respect to the Browns' fraud, fraudulent concealment, and negligence claims (Counts XVII, XVIII, and XIX). Missouri, like Michigan, applies the economic loss rule to tort claims, including negligence claims and fraud claims related to the quality, character, or safety of a product. *See Dannix Painting, LLC, v. Sherwin-Williams Co.*, **732 F.3d 902, 906-07 (8th Cir. 2013)("Missouri's economic loss doctrine bars recovery for negligence");** *Compass Bank v. Eager Road Associates, LLC*, **922 F.Supp.2d 818, 827-28 (E.D.Mo. 2013)("fraudulent inducement exception is subject to a widely recognized limitation that where the fraudulent misrepresentation concerns the quality, character, or safety of the goods sold, the economic loss doctrine bars the fraud claim because it is**

7

**substantially redundant with warranty claims.")**. The Browns' fraud, fraudulent concealment, and negligence claims, for the same reasons explained in the Court's September 2016 Order (Doc. 115), are barred by the economic loss doctrine.

Remaining are the Browns claims for unjust enrichment (Count XX) and for violations of the Missouri Merchandising Practices Act (MMPA)(Count XVI). With respect to the unjust enrichment arguments, the Court's September 2016 Order explained how Flynn and Keith conferred a benefit on both defendants. That ruling extends to the Browns' claims. Defendants argue that the Browns, like Flynn and Keith, should not be allowed to plead an unjust enrichment claim because the claim cannot be pleaded in the alternative, but Missouri does allow a party to plead unjust enrichment as an alternative ground for relief. *See Howard v. Turnbull*, **258 S.W.3d 73, 76 (Mo.App. 2008)(citing Mo. Sup. Ct. R. 55.10 as allowing the alternative pleading of unjust enrichment and breach of contract claims)**.

If a plaintiff has entered into an express contract for the subject matter at issue, however, then a plaintiff's recovery is limited to the express terms of the contract. *Id.* Harmon suggests that the Browns have entered into such a contract and that the Browns are barred from an unjust enrichment claim as a result, but the argument is undeveloped. Chrysler's argument on the topic is relegated to string cites in a footnote with little analysis. At this stage, with the undeveloped arguments of Defendants, it would be premature to dismiss the Brown's unjust enrichment claims. Their unjust enrichment claim seeks to recover based on alleged tortious and fraudulent conduct by the defendants and is pleaded in the alternative to their dismissed warranty claims.

Taking the allegations in the complaint as true and drawing all inferences in the Browns favor, Defendants have not established that the unjust enrichment claim cannot be pleaded as an alternative theory of recovery.

Defendants' final challenge is to the Browns' Missouri Merchandising Practices Act (MMPA) claim, arguing that it is not pleaded with particularity as required by Rule 9(b). State law fraud claims raised in federal court are subject to the pleading requirements of Rule 9. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Servs., Inc.*, **536 F.3d 663, 668 (7th Cir. 2008)**. This means that the Browns must plead the "who, what, when, where, and how" of Defendants' alleged MMPA violation. The Browns' MMPA claim must allege that they bought merchandise from the defendants for personal, family, or household purposes and that they suffered an ascertainable loss of money or property as a result of an act declared unlawful by Mo. Rev. Stat. 407.020, which defines the term "unlawful practice." In Missouri, unlawful practice is defined broadly as the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri." **Mo. Rev. Stat. § 407.020.1.**

The Browns' claim is pleaded with the requisite specificity to satisfy Rule 9. They clearly allege that they purchased a vehicle for personal, household, or family purposes and that they suffered an ascertainable loss in the form of the diminution in value of or overpayment for their vehicle as a result of Defendants' unlawful practices. They list

9

and describe different ways in which Defendants misrepresented, concealed, suppressed, or omitted material facts. If these allegations are accepted as true, the Browns answer the "who, what, when, where, and how," of Defendants' MMPA violations. Beyond conclusory arguments that the Browns' complaints of unlawful or deceptive statements are what Defendants consider to be non-actionable puffery, Defendants' rely on a theory that the claim fails because the Browns do not allege which misrepresentations were made to them or that they relied on the misrepresentations. The MMPA, however, does not require that a plaintiff prove or plead reliance. **15 CSR § 60-9.110 ("Reliance and intent that others rely upon . . . [the] concealment, suppression or omission are not elements of concealment, suppression or omission.");** *see also Plubell v. Merck & Co., Inc.*, **289 S.W.3d 707, 713 (Mo.App. W.D. 2009)(The MMPA supplements the common law fraud definition but does not require proof of intent to defraud or of reliance).**

Similarly, Defendants argue that the Browns' MMPA claim is deficient in that it does not allege that the Browns read or heard the alleged misrepresentations and, as a result, the claim does not allege that there is a causal relationship between Defendants' unlawful practices and their injury. The MMPA empowers private citizens "to act as 'private attorneys general' for purposes of enforcing it." *Hess v. Chase Bank Manhattan, N.A.*, **220 S.W.3d 758, 769 (Mo. En Banc 2007).** The Act is not concerned solely with situations where a defendant's unlawful practice causes a purchase, as the phrase "as a result of" modifies "ascertainable loss" not "purchases or leases." *See Plubell*, **289 S.W.3d at 714**. The issue is whether a plaintiff's loss is caused by a

defendant's unlawful practice, not whether a plaintiff's purchase is caused by the unlawful practice. Defendants' emphasis on the Browns' alleged lack of reliance or pre-purchase knowledge of misrepresented or concealed material facts is misplaced. *See, e.g.*, **Mo. Rev. Stat. § 407.020.1 (unlawful practices can be committed "before, during or after the sale.").** The Browns have put forth sufficient allegations that they suffered an ascertainable loss as a result of a deceptive practice by defendants. Accepting the allegations in the amended complaint as true, the Browns' MMPA claim satisfies the heightened pleading requirements of Rule 9 by alleging that misrepresentations by the defendants and material facts that they concealed and suppressed caused an ascertainable loss to them. Defendants rely on undeveloped arguments and arguments directed at the Browns' common law fraud claims that are unpersuasive in showing why the Browns' MMPA claim runs afoul of Rule 9.

C. <u>Conclusion</u>

For the above stated reasons, Defendants' motions to dismiss (Docs. 152, 154, 158) are **GRANTED in part** and **DENIED in part**. The Browns, like Flynn and Keith, have standing to pursue damages for loss in value and overpayment injuries. Additionally, the Browns lack standing to pursue damages for risk of injury or death or fear of risk of injury or death or declaratory relief ordering Defendants to remedy the defects in or refund the purchase price of the affected vehicles. Counts XVII (first), XVIII, and XIX are barred by the economic loss doctrine and are dismissed with prejudice. The motions to dismiss are denied as to the Browns' MMPA (Count XVI) and unjust enrichment (Count XX) claims.

Having now considered motions to dismiss as to the entire amended complaint, the status of Plaintiffs' claims is summarized as follows:

- Counts I, II, VII, VIII, XIV (first), XV (first), XXI, and XXII have been dismissed without prejudice;

- Counts III, IV, V, XII, XVII (first), XVIII, XIX, XIV (second), XV (second), and XVI (second) have been dismissed with prejudice due to the economic loss doctrine;

- Count XI has been dismissed without prejudice for failure to plead reliance;

- Counts VI, IX, X, XIII, XVI (first), XX, XXIII, and XVII (second) remain pending.

Due to the significant number of dismissed counts and the numbering errors in the amended complaint, the Court **DIRECTS** Plaintiffs to file a second amended complaint on or before September 21, 2017, that complies with this Order and the Court's previous orders and that accurately numbers Plaintiffs' claims. To avoid future confusion, Plaintiffs should not use Roman numerals to number the counts in their second amended complaint. Due to the forthcoming second amended complaint, the Court **DENIES as MOOT** Chrysler's motions for summary judgment (Docs. 202, 217), Plaintiffs' motion to stay and sealed motion to stay briefing on the motions for summary judgment (Docs. 215, 216), and Plaintiffs' motion for leave to file excess pages (Doc. 226).

**IT IS SO ORDERED**.
DATED: August 21, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**