# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN FLYNN; GEORGE and KELLY BROWN; and MICHAEL KEITH, on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

FCA US LLC f/k/a CHRYSLER GROUP LLC and HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,

        Defendants.

CASE NO. 3:15-CV-855-MJR-DGW

## HARMAN INTERNATIONAL INDUSTRIES, INC.'S MOTION TO STRIKE AND/OR DISMISS ANY CAUSES OF ACTION PREVIOUSLY DISMISSED BY THE COURT AND BRIEF IN SUPPORT

Harman International Industries, Inc. ("Harman"), by and through its attorneys Foley & Lardner LLP, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15, submits the following Motion to Strike and/or Dismiss Any Causes of Action Previously Dismissed by the Court, but nevertheless repled as to Harman in Plaintiffs' Second Amended Complaint.

On August 21, 2017, the Court ordered Plaintiffs to file a second amended complaint on or before September 21, 2017, that "complies with this Order and the Court's previous orders and that accurately numbers Plaintiffs' claims" (the "Order"). (Dkt. No. 236 at 12.) The Order did not provide Plaintiffs permission to replead causes of action that were previously dismissed, and Plaintiffs did not seek leave to replead them. Despite the Order, Plaintiffs repled the following causes of action as to Harman.[1]

---

[1] Plaintiffs repled Counts Four (former Count VII) and Five (former Count VIII) in the Second Amended Complaint, though those counts were dismissed without prejudice in the Court's January 10, 2017 Order. (Dkt. No. 149). Counts Four and Five are not pled against Harman in the Second Amended Complaint. Harman moves to dismiss only those counts directed to Harman.

4817-3491-3105.6

- **Count One** (Former Count I) Violation of Magnuson-Moss Warranty Act (Nationwide). This cause of action was dismissed without prejudice in the Court's January 10, 2017 Order. (Dkt. No. 149 at 2.) Plaintiffs have repled this Count without change in the Second Amended Complaint.

- **Count Two** (Former Count IV) Fraudulent Concealment/Omission (Nationwide). This cause of action was listed as dismissed in the Court's August 21, 2017 Order. (Dkt. No. 236 at 12.). Plaintiffs previously pled this cause of action under the common law or, in the alternative, under Michigan law. The Court properly analyzed all of the fraudulent concealment claims at issue under the law of the state where the Plaintiffs purchased or leased their respective vehicles. (Dkt. No. 115 at 20 (dismissing Keith's fraudulent concealment claim under Michigan law); Dkt. No. 236 at 8 (dismissing the Browns' fraudulent concealment claim under Missouri law).) Plaintiffs have repled Count Two in the Second Amended Complaint only under some generic, non-state specific "common law." It is otherwise unchanged.

- **Count Eleven** (Former Count XXI) Violation of Magnuson-Moss Warranty Act (Michigan law). This cause of action was dismissed without prejudice in the Court's January 2017 Order. (Dkt. No. 149 at 2.) Plaintiffs have repled this Count without change in the Second Amended Complaint.

Each of the claims above should be dismissed for the reasons previously articulated by the Court in its earlier orders, or they should be stricken as inconsistent with the Court's August 21, 2017 Order. Simply restating an already dismissed claim in an amended complaint does not revive the claim. *See, e.g., Sultan v. Fenoglio*, No. 12-CV-1229-MJR-SCW, 2016 WL 8223213, at *3 (S.D. Ill. Feb. 9, 2016). In addition, Plaintiffs did not have leave of the Court to replead previously dismissed claims. *See, e.g., Fonseca v. Nelson*, 2009 WL 2020809, *3 (S.D.Ill. 2009) (granting motion to strike where plaintiff added back into amended complaint claims the court had dismissed, and otherwise exceeded his leave to amend). The Court's August 21 Order specifically listed the claims that could be repled, and it did not include these claims. (Dkt. No. 236 at 12.)

With respect to Count Two, Plaintiffs should not be permitted to plead that claim for an additional reason. As with all of the claims discussed above, Count Two has already been dismissed and the Court did not give Plaintiffs permission to replead this claim. (Dkt. No. 115 at

2

20; Dkt. No. 236 at 12.)  Plaintiffs now attempt to replead this claim by dropping the specific Michigan common law reference applicable to Plaintiff Keith, and asserting instead a purported claim under the "common law of fraudulent concealment and/or fraudulent omission."  Plaintiffs cannot end-run the Court's earlier rulings in this way.  As this Court previously addressed the fraudulent concealment claims at issue in this case, the law of the states where Plaintiffs each purchased their vehicles controls their claims.  (Dkt. No. 115 at 20; Dkt. No. 236 at 8); *see also, e.g., In re Bridgestone/Firestone Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1016 (7th Cir. 2002) ("Financial loss . . . was suffered in the places where the vehicles and tires were purchased at excessive prices or resold at depressed prices.") *abrogated in part on other grounds by Smith v. Bayer*, 131 S. Ct. 2368, 2381 (2011); *Barbara's Sales Inc. v. Intel Corp.*, 879 N.E.2d 910, 920-25 (Ill. 2007) (finding that state law of place of purchase provided governing law).  The named Plaintiffs cannot simply pursue a generic common law claim for fraudulent concealment devoid of reference to the applicable state law.  For the reasons stated in Harman's earlier motions to dismiss (Dkt. Nos. 29, 71-1), Keith's and the Browns' fraudulent concealment claims fail to state a claim under Michigan and Missouri law.  Thus, Plaintiffs' attempt to resuscitate Count Two (former Count IV) simply by changing the applicable law to some nonexistent national "common law" fails to state a claim.

For the foregoing reasons, any causes of action previously dismissed in Plaintiffs' Second Amended Complaint as to Harman should be stricken as already dismissed, or dismissed as inconsistent with the Court's prior orders, as the Plaintiffs have not been granted leave to amend these claims under Fed. R. Civ. P. 15(a)(2).

4817-3491-3105.6

WHEREFORE, for all of the foregoing reasons, Harman respectfully requests this Court strike or dismiss any causes of action previously dismissed, but now repled as to Harman in the Second Amended Complaint, including Counts One, Two, and Eleven.

Dated: October 6, 2017

/s/ Elizabeth Mazzocco
William J. McKenna, Jr., IL ID 3124763
Elizabeth P. Mazzocco, IL ID 6317418
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
T: (312) 832-4500
F: (312) 832-4700
wmckenna@foley.com
emazzocco@foley.com

John R. Trentacosta, MI Bar No. P31856
Vanessa L. Miller, MI Bar No. P67794
Andrew B. Fromm, MI Bar No. P79185
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI  48226-3489
T: (313) 234.7100
F: (313) 234.2800
jtrentacosta@foley.com
vmiller@foley.com
afromm@foley.com

Michael D. Leffel, WI ID 1032238
FOLEY & LARDNER LLP
150 E. Gilman Street
Madison, WI 53703
T: (608) 258-4216
F: (608) 258-4258
mleffel@foley.com
***Attorneys for Defendant Haman***
***International Industries, Incorporated***

**CERTIFICATE OF SERVICE**

I, Elizabeth Mazzocco, hereby certify that on October 6, 2017, I filed a copy of the foregoing using the Court's CM/ECF electronic filing system which will send notification of the same to all counsel of record.

/s/ Elizabeth Mazzocco