IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN FLYNN, GEORGE and KELLY )
BROWN, and MICHAEL KEITH, *on behalf* )
*of themselves and all others similarly situated*,)
                                                )
      Plaintiffs,                   )
                                                )    Case No. 3:15-cv-855-MJR-DGW
v.                              )
                                                )
FCA US LLC, *f/k/a* Chrysler Group LLC and )
HARMAN INTERNATIONAL        )
INDUSTRIES, INC.,                     )
                                               )
      Defendants.                )

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiffs' Motion to Strike and Bar Neil Borkowicz from testifying as an Expert Witness (Doc. 242). For the reasons set forth below, the Motion is **DENIED.**

### INTRODUCTION

This is a proposed class action in which Plaintiffs, owners and lessees of Chrysler vehicles, claim there is a design flaw in some of Chrysler's 2013-2015 vehicles that received public attention in a 2015 WIRED magazine article. Generally, Plaintiffs allege that the uConnect system, manufactured by Harman International Industries, Inc., has design vulnerabilities that allow hackers to take remote control of the vehicle's functions, including the vehicle's steering and brakes.

This matter is now before the Court on the motion to strike and bar Neil Borkowicz from testifying as an expert witness filed by Plaintiffs on September 15, 2017 (Doc. 242). Defendants timely responded to Plaintiffs' motion (Docs. 247-248) and a motion hearing was held on October

12, 2017 before the undersigned.

## DISCUSSION

Plaintiffs assert that Defendants' disclosure of Neil Borkowicz was insufficient insofar as it failed to comply with the requirements set forth in the Court's Amended Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(C). Accordingly, Plaintiffs ask the Court to strike and bar Mr. Borkowicz from testifying as a class certification expert witness. The Court considers each argument proffered by Plaintiff, as set forth below.

1. ***Whether the disclosure of Mr. Borkowicz meets the requirements set forth in the Court's Amended Scheduling Order***

The Court's Amended Scheduling Order provides that:

> Expert witnesses for class certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
>
> a. Plaintiffs' and Defendants' initial expert report(s): August 3, 2017.
>
> b. Plaintiffs' and Defendants' responsive expert report(s): August 31, 2017.

(*See* Doc. 146). Plaintiffs contend that the above-mentioned language overrides Rule 26(a)(2)(B)'s directive that only witnesses retained or specially employed to provide expert testimony in the case need be accompanied by a written report when disclosed and, as a result, Defendants were obligated to provide a written report when disclosing Mr. Borkowicz as an expert. Plaintiffs rely on *Faltermeier v. FCA US LLC*, Case No. 4:15-cv-419-DGK, 2016 WL 4491851 (W.D. Mo., Aug. 25, 2016), in support of their argument. In *Faltermeier*, the court's scheduling and trial order required the parties to "provide an affidavit for all witnesses, retained or non-retained, from whom expert opinions [would] be elicited." *Faltermeier*, 2016 WL 4491851

at *1. The court found that this requirement was a departure from Rule 26(a)(2)(B)'s default requirement that only retained experts need provide an expert report and, in light of this finding, the court struck defendant's expert witness for failure to provide an expert report.

The language in *Faltermeier* is distinguishable from the language at issue here. As this Court previously explained in *Bell v. Illinois Central Railroad, Co.*, 3:05-cv-904-DRH, Doc. 141, the language in the Court's Amended Scheduling Order referencing Federal Rule of Civil Procedure 26(a)(2) is set off by commas and it is common knowledge that a pair of commas is used in the middle of a sentence to set off clauses, phrases, and words that are not essential to the meaning of the sentence. If read without the nonrestrictive relative clauses, the relevant provision of the Amended Scheduling Order reads "Expert witnesses for class certification shall be disclosed as follows: a. Plaintiffs' and Defendants' initial expert report(s): August 3, 2017." Although the relative clause at issue here does not begin with "which," "who," or "whose," (as is typically of such clauses, *see* BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE 886 (3d ed. 2009)), the effect here is the same. The clause "along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2)" is not essential to the sentence and does not affect the reading of the same when omitted. Further, as written, there is no indication in the Court's directive that it was intended to obfuscate any subpart of Rule 26(a)(2), including Rule 26(a)(2)(C); rather, it directs the parties to provide written reports in accordance with Rule 26(a)(2) and Rule 26(a)(2)(C) clearly delineates certain witnesses who are not required to provide a written report.

For these reasons, the Court finds that Defendants properly disclosed Mr. Borkowicz as an expert pursuant to the dictates of the Court's Amended Scheduling Order. In so finding, the Court must also consider whether Defendants' disclosure of Mr. Borkowicz met the requirements of

Rule 26(a)(2)(C).

2. ***Whether the disclosure of Mr. Borkowicz meets the requirements of Rule 26(a)(2)(C)***

Federal Rule of Civil Procedure 26(a)(2)(C) ("Rule C") provides that "[u]nless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Defendants' disclosure concerning Mr. Borkowicz is set forth in its entirety as follows[1]:

> Neil Borkowicz: FCA US expects to present opinion testimony from its employee Neil Borkowicz. If called upon to provide evidence, Mr. Borkowicz's testimony will involve reference to the facts developed in the record with respect to differences in the vehicles' features, Electronic Control Units, architecture and topology, CAN messages, and software. He is expected to opine that: (1) the factors that affect cybersecurity risk in the vehicles at issue include their features, Electronic Control Units, architecture and topology, CAN messages, and software; and (2) the cybersecurity risk for the vehicles varied at the time of first sale, and has never been, and is not now, the same.

Plaintiffs argue that the disclosure of Mr. Borkowicz cannot meet the requirements set forth in Rule C insofar as it: (1) provides no information about what the relevant "facts in the record" actually are; and (2) provides no "summary of the opinions" as required by Rule C (i.e. it fails to identify what aspects of the vehicles Electronic Control Units, architecture and topology, CAN messages, and software supposedly "affect cybersecurity risk"). At the hearing before the undersigned, Plaintiffs expanded on this argument, asserting that the disclosure makes an ambiguous reference to the facts to be relied on making it impossible to ascertain what Mr.

---

[1] Defendant FCA US LLC provided the disclosure for Mr. Borkowicz that Defendant Harman adopted and relied on.

Borkowicz will opine at trial.

In response to Plaintiffs' arguments, Defendants assert that Mr. Borkowicz's disclosure is sufficient to meet the requirements of Rule C insofar as it indicates that the subject matter of Mr. Borkowicz's testimony is cybersecurity risk differences in vehicles and that the opinions on which he is expected to testify is that cybersecurity risk varied at all times.

Both Plaintiffs and Defendants rely on case law from district courts in this circuit and others to support their respective positions. The Court has reviewed the cases cited by the parties and notes, not unsurprisingly, that the consideration of whether a disclosure meets the requirements of Rule C is fact-intensive and case-specific. The Committee Notes to the 2010 Amendments provide some clarity here, however. In particular, the Committee Notes explain that the disclosure mandated by Rule C is "considerably less extensive than the report required by Rule 26(a)(2)(B)" and advise that "Courts must take care against requiring undue detail …." *See* FED. R. CIV. P. 26(a), Ad. Comm. Notes to 2010 Amendments.

Here, a plain reading of the disclosure of Mr. Borkowicz evidences the subject matter on which he is expected to present evidence — mainly, the variance of cybersecurity risk for the vehicles. Although this subject matter may cast a wide net, it meets the requirement of Rule 26(a)(2)(C)(i).

The Court's consideration of the requirement set forth in Rule 26(a)(2)(C)(ii) requires more explanation. As District Judge Herndon found in *In re Yasmin & Yaz (Drospirenone) Mktg.*, No. 3:09-md-02100-DRH-PMF, 2011 WL 4738415 (S.D. Ill., Oct. 7, 2011), under the plain language of Rule C, the disclosing party is not required to provide the facts upon which the non-retained expert will rely on for his or her opinion; rather, Rule C only requires disclosure of a summary of facts and summary of opinions to which the non-reporting expert will testify. At the

hearing, Defendants explained that Mr. Borkowicz would not be introducing new facts into the record; rather, he would be offering opinions on facts already introduced. In light of the foregoing, requiring Defendants to supplement the facts on which Mr. Borkowicz may testify is not necessary as he is not presenting testimony that will introduce additional facts into the record and Rule C disclosures need not summarize the facts on which the non-retained expert has, or will, rely.

Further, Mr. Borkowicz's disclosure indicates that he expects to opine that: (1) the factors that affect cybersecurity risk in the vehicles at issue include their features, Electronic Control Units, architecture and topology, CAN messages, and software; and (2) the cybersecurity risk for the vehicles varied at the time of first sale, and has never been, and is not now, the same. Although Defendants did not outline Mr. Borkowicz's opinions in detail, this is not the requirement, only a summary is required. *See Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2015 WL 1396606 (S.D. Ind., March 26, 2015). More importantly, unlike many of the cases relied on by Plaintiffs, the Court finds that the summary of the opinions Mr. Borkowicz is expected to present is not merely a recitation of conclusory statements, but rather, provides Plaintiff with adequate notice of his proposed testimony. For instance, the Court in *Slabaugh*, found the disclosures of four treating physicians insufficient to meet the requirements of Rule C as they "state[d] subject matters strongly suggesting that they will testify to causation," but the "summaries [did] not disclose such opinions." 2015 WL 1396606, *3. Here, it is clear that Mr. Borkowicz plans to opine that the cybersecurity risk for the affected vehicles varied at the time of first sale. This is not merely alluding to an opinion — it is one. Requiring Defendants to supplement the disclosure to provide more (for example, in what ways the cybersecurity risk varied at the time of first sale and what systems they affect and how – as suggested by Plaintiffs)

would be "requiring undue detail."

For these reasons, the Court finds that Defendants properly disclosed Mr. Borkowicz as an expert pursuant to Rule 26(a)(2)(C).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike and Bar Neil Borkowicz from testifying as an Expert Witness (Doc. 242) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: November 17, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**