IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN FLYNN, GEORGE BROWN, KELLY BROWN, and MICHAEL KEITH, *on behalf of themselves and all others similarly situated*, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 15-cv-855-MJR-DGW ) |
| FCA US LLC, and HARMAN INTERNATIONAL INDUSTRIES, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Before the Court is a motion to dismiss for lack of personal jurisdiction (Doc. 407) filed by Defendant FCA US LLC on August 22, 2018. Defendant Harman International Industries, Inc. moved to join in the motion on August 24, 2018 (Doc. 408). Plaintiffs responded to the motion to dismiss on September 12, 2018 (Doc. 409), and FCA filed a reply on September 14, 2018. For good cause shown, the motion for joinder (Doc. 408) is **GRANTED**, and the Court considers the arguments in the motion to dismiss with respect to both Defendants.

### BACKGROUND

On August 4, 2015, Plaintiffs Brian Flynn, Kelly and George Brown, and Michael Keith filed suit, on behalf of themselves and all others similarly situated, alleging a number of claims related to a design flaw in the uConnect system, which was manufactured by Harman and installed in certain 2013-2015 Chrysler vehicles. The

putative class action sought to certify both a nationwide class and state-based classes, including classes of Michigan consumers and of Missouri consumers. In September 2015, Defendants filed motions to dismiss for failure to state a claim and for lack of standing pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 12(b)(1). (Docs. 23, 28). The motions were rendered moot by Plaintiffs' first amended complaint (Doc. 49), but new motions directed at that complaint were filed in February 2016. (Docs. 68, 71). The Court granted the motions in part and denied them in part in September 2016 (Doc. 115), withholding ruling on any arguments brought against the Browns' claims, as they were ordered to arbitrate certain warranty claims.

The Browns decided not to arbitrate, and their warranty claims were dismissed for failure to prosecute. (Doc. 149). Defendants then moved to dismiss the Browns' remaining claims, renewing challenges under Rules 12(b)(1) and 12(b)(6). (Docs. 152, 154, 158). The motions were granted in part and denied in part on August 21, 2017. (Doc. 236). The Court directed Plaintiffs to file a second amended complaint, which Defendants moved to dismiss. (Docs. 249, 254).

In October 2017 and January 2018, Defendants filed seven motions for summary judgment (Docs. 256, 257, 264, 267, 346, 348, 350). Both Harman and FCA filed lengthy oppositions to Plaintiffs' motion to certify class (Docs. 318, 321) and argued against class certification during a January 11, 2018 hearing on Plaintiffs' motion. At the hearing, Defendants also renewed their standing challenge. Following briefing on the renewed challenge, the Court found that Plaintiffs have standing to pursue their claims. Defendants moved the Court to certify the order denying their standing challenge for

interlocutory appeal. The request was granted, and Defendants filed a petition for leave to appeal with the Seventh Circuit Court of Appeals. The Seventh Circuit denied the petition on May 4, 2018. On July 5, 2018, the Court granted in part and denied in part the seven motions for summary judgment and Plaintiffs' motion to certify class. (Doc. 399). Three classes were certified: an Illinois class, a Michigan class, and a Missouri class.

At no point prior to class certification did Defendants challenge, or suggest that they might challenge, the exercise of personal jurisdiction over them. Instead, they raised the issue for the first time in the petition for leave to appeal the class certification order filed with the Seventh Circuit Court of Appeals in July 2018. The Seventh Circuit denied the petition for leave to appeal the class certification order, and Defendants now raise their objection to personal jurisdiction before this Court. For the reasons delineated below, the Court **FINDS** that Defendants waived any objection to personal jurisdiction, and the motion to dismiss for lack of jurisdiction is **DENIED**.

## ANALYSIS

A defense based on personal jurisdiction "may be waived if a defendant gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Hedeen Intern., LLC v. Zing Toys, Inc.*, **811 F.3d 904, 906 (7th Cir. 2016)**. Here, the parties have litigated this case fervently for more than three years, and Defendants seemingly acknowledge that the defense is waived as to the named Missouri and Michigan class representatives, Kelly and George Brown and

Michael Keith, by arguing their motion as to the unnamed class members only.. *See Continental Bank, N.A. v. Meyer*, **10 F.3d 1293, 1296-97 (7th Cir. 1993)(finding personal jurisdiction defense waived where defendants fully participated in litigation for over two and a half years)**. Defendants gave Plaintiffs a reasonable expectation that they would defend this action on the merits by failing to object to personal jurisdiction until after the class certification stage. They also caused the Court to go to some effort that would be wasted if personal jurisdiction now is found to be lacking by pursuing several rounds of motions to dismiss and standing challenges in addition to significant briefing related to summary judgment and class certification before raising the objection.

Defendants attempt to skirt past the waiver issue with an argument that unnamed class members were not parties to the litigation prior to the order certifying classes in this case, suggesting that they could not have challenged personal jurisdiction any earlier than they did. As a preliminary note, the party-status of unnamed class members is not as clear cut as Defendants state it is. *See e.g.*, *Smith v. Bayer Corp.*, **564 U.S. 299, 313 (2011)(noting that unnamed members of a proposed but uncertified class are not parties when considering preclusion and relitigation exception to Anti-Injunction Act);** *Pearson v. Target Corp.*, **893 F.3d 980, 984 (7th Cir. 2018)(acknowledging that "party" does not indicate an absolute characteristic, as absent class members may be parties for some, but not all, purposes)**. When it comes to the question of whether Defendants waived their objection to the exercise of personal jurisdiction with respect to the certified Michigan and Missouri classes, the issue of party-status and the recentness of the addition of unnamed class members to this action

is not determinative. Instead, the question of waiver is weighed against the entire course of this litigation, not just with respect to post-certification events.

Defendants' argument that they had to await a ruling on class certification before raising a challenge to personal jurisdiction relies on cases considering the issue at or before the class certification stage. In *Biffar v. Pinnacle Foods*, Judge Herndon denied a motion to dismiss for lack of personal jurisdiction over non-Illinois putative class members as premature, noting that the issues should be addressed "at the class certification stage." ***Biffar v. Pinnacle Foods*, 2016 WL 7429130, \*6 (S.D. Ill. 2016)(Herndon, J.)**. Defendants draw from that comment that the issue cannot be raised until after a ruling on class certification, which is plainly different than the language in the order. Defendants also cite to class certification order in ***Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil*, 301 F.Supp.3d 840, 861-64 (N.D. Ill. 2018)(Durkin, J.)**, which considered the issue of personal jurisdiction simultaneously with the issue of class certification. Unlike this case, the objection to personal jurisdiction was raised and briefed prior to the ruling on class certification. Defendants cite no cases directly in support of their contention that they had to wait until after class certification to raise personal jurisdiction challenges, and the undersigned finds that they now raise their objection too late.

Litigation of this action has progressed past the class certification stage without any hint of a challenge to personal jurisdiction prior to certification of classes with out-of-state plaintiffs, and the Court is not persuaded by Defendants' suggestion that their delay in raising the issue does not waive their ability to raise the challenge post-

certification. By proceeding through several motions to dismiss, seven motions for summary judgment, and a vigorous defense to class certification without mention of personal jurisdiction, Defendants gave Plaintiffs a reasonable impression that they would defend this suit on the merits. They have fully participated in this action for over three years and have caused the Court to expend more than "some effort" that would be wasted by a finding at this stage that personal jurisdiction is lacking. Accordingly, the Court **FINDS** that Defendants waived any objection to the exercise of personal jurisdiction as to all out-of-state plaintiffs, including the unnamed class members.

## Conclusion

For the above-stated reasons, Defendant Harman International Industries, Inc.'s motion for joinder (Doc. 408) is **GRANTED** and Defendants' motion to dismiss for lack of jurisdiction (Doc. 407) is **DENIED**.

On July 23, 2018, the Court exercised its discretionary powers and stayed this action in its entirety. The Court hereby **LIFTS the STAY** and sets this case for trial at 9:00 a.m. on Monday, March 11, 2019. A final pretrial conference is set for 10:00 a.m. on Thursday, March 7, 2019.

The parties shall confer regarding class notice and shall file a status report (not to exceed 6 pages) with their joint proposal or competing proposals for notice on or before October 19, 2018.

**IT IS SO ORDERED**.

DATED: October 9, 2018

<u>*s/ Michael J. Reagan*</u>
MICHAEL J. REAGAN
United States District Judge