IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN FLYNN, *on behalf of himself and all others similarly situated*,

    Plaintiffs,

v.

FCA US LLC and HARMAN INTERNATIONAL INDUSTRIES, INC.,

    Defendants.

Case No. 3:15-cv-855-MJR-DGW

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiffs' oral motion to reopen discovery in order to conduct additional discovery pursuant to Local Rule 26.1(a). The request to reopen discovery was referred to the undersigned by Chief United States District Judge Michael J. Reagan. It is this Court's intent to ensure that this matter will proceed to trial as scheduled on March 11, 2019.

Plaintiffs seek five categories of discovery: (1) third party discovery (from Defendants' former employees and contractors) regarding cyber security issues; (2) additional expert discovery regarding damages; (3) discovery related to privity; (4) limited contention interrogatories; and, (5) a handful of depositions. The expert discovery would involve the creation and dissemination of survey questions and expert analysis of survey results. Plaintiffs indicated that they started the process in July, 2018 and that it would take approximately another 2 or 3 months to complete. Such discovery, they argue, is necessary to prove up damages and was contemplated in their previous expert disclosures. Defendants counter that Plaintiffs should have already conducted such discovery and that, if Plaintiffs are given relief, they should be entitled to develop their own survey, which would take upwards of 5 months, and present rebuttal expert opinion; and, they

argue that they would also file additional *Daubert* motions. In addition to the foregoing, Plaintiffs requested immediate relief in the form of: (1) limiting the time to file objections and responses to discovery to 7 and 14 days, respectively; (2) a firm date for the production of Vehicle Identification Numbers by Chrysler; and (3) an Order directing Defendants to comply with the supplemental disclosure requirements contained in Rule 26. As to these particular requests: (1) there is no outstanding discovery for which response deadlines should be truncated; (2) Defendants shall provide the VIN information by **October 29, 2018**; (3) Defendants are aware of their obligations under Rule 26 -- no order is required.

The additional and extensive discovery contemplated by Plaintiffs, at this point in the litigation, would be inconsistent with the proportionality considerations contained in Rule 26(b). The parties already have engaged in extensive discovery. Additional discovery would be disproportionate to the needs of this case given the burden and expense that would result from an additional 6 to 12 months of discovery. Permitting such discovery would interfere with the March 11 trial date, would subject Defendants, who are ready for trial, to additional and burdensome discovery and motion practice, and would unnecessarily delay this matter, which is already 3 years old. This Court will not order any additional discovery.

As indicated at the conference held on this day, the parties are informed that they may appeal this decision to Chief Judge Reagan as permitted by Rule 72.

**DATED: October 23, 2018**

    **DONALD G. WILKERSON**
    **United States Magistrate Judge**