# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN FLYNN, GEORGE and KELLY BROWN, and MICHAEL KEITH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC and HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendants. | CASE NO. 3:15-CV-855-MJR-DGW |

## DEFENDANT FCA US'S MOTION TO MODIFY EXPERT DISCLOSURE DEADLINES IN NOVEMBER 29, 2018 MEMORANDUM & ORDER

Defendant FCA US LLC hereby moves this Court to modify the expert disclosure deadlines set forth in its November 29, 2018 Memorandum & Order, Doc. No. 448 ("Order"). The Order currently provides that "all expert reports or supplemental reports shall be turned over by April 1, 2019." *Id.* at p. 3. FCA US seeks a modification to provide for staggered expert disclosures, with Plaintiffs' disclosure of experts and their reports occurring prior to Defendants' disclosure of experts and their reports.

In further support of its Motion, FCA US submits the following Brief:

## BRIEF IN SUPPORT

### BACKGROUND

In October 2018, Plaintiffs requested additional merits discovery prior to the then-scheduled March 11, 2019 trial date. Plaintiffs contended that their damages experts had more work to do, including completion of a survey. *See* Doc. No. 433 at 4-5. Plaintiffs represented

that their experts would complete any supplemental damages reports by December 21, 2018.[1]

On November 29, 2018, the Court entered an Order finding that additional merits-based discovery was warranted, but that such discovery could not reasonably be completed by the previously scheduled trial date of March 11, 2019. *See* Doc. No. 448 at 2. The Court, therefore, re-set the trial date and ordered new merits discovery deadlines. The Order directs that surveys must be completed, and "all expert reports" are due, by April 1, 2019. *Id.* at 3. In addition to requiring the simultaneous disclosure of experts, the Order sets the close of merits discovery for May 31, 2019, the *Daubert* and summary judgment motions deadlines for June 10, 2019, and trial for October 7, 2019. *See id.*

## ARGUMENT

**A.  Plaintiffs' Burden of Proof Demands That Plaintiffs Disclose Experts Before Requiring Defendants To Disclose Experts.**

Plaintiffs bear the burden of proof on all elements of their claims. This burden dictates the order in which expert discovery should occur. This is particularly true with respect to damages, which Plaintiffs have indicated is the only subject on which they intend to offer additional expert opinions. Because "plaintiffs bear the burden of proof on the issue of damages ... the orderly development of the case" requires that they "should be expected to come forward first with any theory of damages and supporting expert testimony, followed by a response from defendants, and an opportunity for rebuttal." *Nelson v. Ipalco Enters., Inc.*, 2005 WL 1924332, at *8 (S.D.Ind. 2005). Numerous courts agree that expert disclosures should be staggered, with the party bearing the burden of proof going first. *See, e.g.*, *Smalley v. Procter & Gamble Co.*,

---

[1] Plaintiffs also stated that the survey design was "nearly complete" and that "once completed, Plaintiffs will provide Defendants with the final survey instrument, together with any explanation necessary to understand how the survey will be implemented," and that this would "occur well before ... November 26, 2018." *Id.* at 6. Plaintiffs have yet to provide Defendants a copy of a final survey instrument, nor any explanation how the survey will be implemented.

2007 WL 5555949, at *1 (W.D.Wis. 2007) ("Plaintiff has the burden of proof on his claims and therefore was obliged to disclose his expert witnesses first."); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459572, at *2 (N.D.Cal. 2005) ("Since Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first."); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, 2002 WL 31093619, at *3 (S.D.N.Y. 2002) ("There is no issue in this case on which the defendants bear the burden of proof, and it would therefore be anomalous to require them to anticipate the expert evidence that the plaintiffs will present."); *see also Parker v. McElroy Truck Lines, Inc.*, 2010 WL 1875753, at *1 (E.D.La. 2010) ("The parties' deadlines for producing expert reports are intentionally staggered by 30 days to give the defense time to retain an expert and to produce a report in rebuttal once the plaintiff timely expresses his intention to rely upon an expert.").

This Court should order likewise here, and modify its Order to provide for staggered expert discovery in accordance with Plaintiffs' burden of proof on damages.

**B. Simultaneous Disclosure Of Experts Will Prejudice Defendants.**

The "staggering of deadlines" not only "recognizes the allocation of the burden of proof," but also, "[m]ore critically, it affords the defending party the opportunity to decide what, if any, expert testimony is required." *Lloyd v. Gen. Motors Corp.*, 2006 WL 196302, at *4 (D.S.C. 2006), *aff'd*, 201 F. App'x 152 (4th Cir. 2006). When Plaintiffs' experts submit new opinions – which Plaintiffs have already indicated they will do – fairness dictates that Defendants be given an opportunity to consider those opinions and proffer rebuttal expert opinions of their own. Indeed, the Court apparently recognized as much in its earlier Order: while Plaintiffs represented that they could complete expert reports by December 21, 2018, and thus still proceed with a March 11, 2019 trial setting, the Court found that discovery could not "be completed in a

*non-prejudicial fashion"* by that date. *See* Doc. No. 448 at 2 (emphasis added). In other words, Plaintiffs' completion of the expert reports is only one part of additional expert discovery. The other part is that Defendants be given sufficient time to analyze the new opinions of Plaintiffs' experts, identify their own experts, if necessary, and respond to the opinions with their own expert reports.

The current Order severely prejudices Defendants, by forcing them to speculate how Plaintiffs might design their survey, implement their survey, and analyze their survey results – and requiring Defendants to proffer expert opinions based on nothing more than a guess as to what Plaintiffs might proffer. This does not afford Defendants any opportunity at all to respond to the opinions proffered by Plaintiffs if they guess wrong. Until Defendants are in receipt of Plaintiffs' supplemental expert reports and survey results, Defendants cannot know what expert opinions they might need or what grounds for rebuttal might exist. Because of this, courts recognize that "simultaneous[] disclosure would in fact prejudice the defendants." *Plumbers & Pipefitters Local 572*, 2005 WL 1459572, at *2 (granting motion for entry of order on staggered expert disclosures). For this additional reason, the Court should stagger expert discovery to allow Defendants time to consider the opinions of Plaintiffs' damages experts before deciding how to respond.

### C. Staggered Expert Disclosures Can Be Accomplished Within The Current Schedule.

Rather than modify all deadlines in the scheduling Order, FCA US respectfully submits that the simplest and most logical modification is to reset Plaintiffs' expert disclosure deadline to February 4, 2019 and leave the other deadlines unchanged. This disclosure deadline will not prejudice Plaintiffs, who have already represented that their reports would be complete by December 21, 2018. Furthermore, the single modification allows the other deadlines in the

Order, including those for *Daubert* and summary judgment motions, to remain in place without impacting the current trial date.

## CONCLUSION

WHEREFORE, FCA US respectfully requests that the Court grant FCA US's Motion to Modify Expert Disclosure Deadlines in November 29, 2018 Memorandum & Order, and enter a modified Order with staggered expert disclosure deadlines, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Sharon Rosenberg*
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
Jan Paul Miller
jmiller@thompsoncoburn.com
Sharon B. Rosenberg
srosenberg@thompsoncoburn.com
Stephen A. D'Aunoy
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
F: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Sharon B. Rosenberg*