IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN FLYNN, GEORGE BROWN, )
KELLY BROWN, and MICHAEL KEITH, )
*on behalf of themselves and all others* )
*similarly situated*, )
                                            )
     Plaintiffs, )
                                            )     Case No. 3:15-cv-855-SMY-RJD
v. )
                                            )
FCA US LLC, *f/k/a* Chrysler Group LLC and )
HARMAN INTERNATIONAL )
INDUSTRIES, INC., )
                                            )
     Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

A discovery dispute conference was held in this matter on October 3, 2019. During the conference, the Court addressed two disputes brought by Plaintiffs. The parties submitted brief summaries of the disputes ahead of the conference. Familiarity with the background of this case is presumed[1] and the Court's orders are set forth below.

**1. Deposition of T. Kohno**

Plaintiffs ask that the Court expand their time to depose Defendant FCA US LLC's ("FCA") cybersecurity expert Dr. Kohno pursuant to Federal Rule of Civil Procedure 30(d)(1). Plaintiffs cite the length of Dr. Kohno's report, the complexity and breadth of issues on which he opined, as well as Defendants' opportunity to depose Plaintiff's primary cybersecurity expert twice (once during the class certification phase and once in the merits phase of this case).

Under Rule 30(d)(1), the court must allow additional time to conduct a deposition

---

[1] Additional background information is included in the Court's April 18, 2019 Order (*see* Doc. 486).

consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent. As articulated at the discovery dispute conference, until Plaintiffs attempt to complete Dr. Kohno's deposition within the time allotted (7 hours), the Court cannot properly evaluate whether an additional 7 hours is necessary for Plaintiffs to "fairly examine" the deponent. Accordingly, the parties are directed to take Dr. Kohno's deposition as scheduled (October 15, 2019). If Plaintiffs have a good faith basis to move for an expansion of time after said deposition is taken, they are directed to file a motion.

### 2. FCA's Interrogatory Responses

Plaintiffs propounded their ninth set of interrogatories on FCA asking FCA to specify all bases for its denials of certain requests for admissions. FCA objected to the interrogatory requests, citing limitations set forth in the Scheduling Order, as well as issues with the overbreadth of the requests.

With regard to limitations, the Court finds that the initial Scheduling and Discovery Order limited the number of interrogatories to 40 during the class certification phase. No other specific directive concerning this issue has been set forth by the Court; accordingly, it is appropriate to defer to the Federal Rules of Civil Procedure, which allows parties to serve 25 written interrogatories, including all discrete subparts. As such, FCA's objection to Plaintiffs' interrogatories on the basis of the limitation set forth in the Court's Scheduling and Discovery Order is **OVERRULED**.

Next, the Court considers FCA's argument that interrogatories 37, 38, 39, and 40[2] include multiple separate and distinct interrogatories and, as such, Plaintiffs have served a total of at least 67 interrogatories. As an example, interrogatory 37 asks FCA to specify all bases for its denial of requests for admissions 27 through 39. In these requests for admissions, Plaintiffs asked FCA to admit that the various models of Affected Vehicles do not have a hardware gateway anywhere in the vehicle. FCA contends this request would require it to conduct an analysis and review of each of the 13 vehicles mentioned in the request, including the components particular to each vehicle. Plaintiffs disagree, asserting they presume FCA's answer and explanation is the same for each Affected Vehicle, particularly because Plaintiffs believe the documents and testimony are clear that the vehicles do not have hardware gateways.

The Court agrees with FCA. Notwithstanding Plaintiffs' presumption concerning FCA's response, Plaintiffs propounded separate and distinct requests for admissions as to each model of the Affected Vehicles and the Court has no reason to doubt FCA in its assertion that each of the Affected Vehicles and its components would need to be analyzed separately to respond to the interrogatory. Accordingly, it appears Plaintiffs have attempted to circumvent the 25-interrogatory limit in propounding their interrogatories in this way. However, the Court may grant leave to serve additional interrogatories consistent with Rule 26(b)(1) and (2). Finding the requests within the bounds of Rule 26, and noting the Court's interest in resolving this dispute as expeditiously as possible, the Court **GRANTS** Plaintiffs leave to propound additional

---

[2] The Court notes Plaintiffs' ninth set of interrogatories includes interrogatories 37-41; however, neither Plaintiffs nor FCA included interrogatory 41 in their briefing or discussion with the Court. Accordingly, this Order does not address the said request.

interrogatories number 37-40. Plaintiffs must seek leave of Court to propound any further interrogatories.

Having granted Plaintiffs leave to propound interrogatories 37-40, the Court considers FCA's substantive objections to the same. FCA objects that the interrogatories are overbroad in their request for "all bases" and contend that each of the interrogatories calls for a lengthy narrative. FCA asserts that the information sought is more reasonably obtainable from the voluminous documents that have been produced and the numerous depositions that have been taken. The Court **OVERRULES** FCA's objection in part.

FCA is **ORDERED** to respond to interrogatories 37-40; however, FCA shall only be required to set forth the *primary* bases of its denials, given the breadth of the requests to admit underlying the interrogatory requests. FCA shall respond to interrogatories 37-40 by **October 18, 2019**.

**IT IS SO ORDERED.**

**DATED: October 4, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**