**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRIAN FLYNN, GEORGE BROWN,<br>KELLY BROWN, MICHAEL KEITH,<br>on behalf of themselves and all others<br>similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>FCA US LLC and<br>HARMAN INTERNATIONAL<br>INDUSTRIES, INC.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) **Case No. 15-cv-855-SMY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

  Plaintiffs Brian Flynn, Michael Keith, and George and Kelly Brown filed this putative class action against Defendants FCA US LLC ("FCA") and Harman International Industries, Inc. ("Harman"), asserting consumer fraud claims related to an alleged design defect in the Uconnect system manufactured by Harman and installed in some of FCA's 2013-2015 model vehicles. After over four years of litigation, the Court granted Defendants' motion to dismiss for lack of subject-matter jurisdiction and dismissed this case with prejudice (Docs. 650, 651). The Seventh Circuit affirmed on appeal but modified the Judgment to reflect a dismissal for lack of subject-matter jurisdiction without leave to amend (Doc. 673). Now before the Court are FCA and Harmon's Bill of Costs (Docs. 652 and 654) and corresponding Motions for Taxation of Costs (Docs. 653 and 655), which Plaintiffs oppose (Doc. 663). For the following reasons, the motions are **GRANTED in part** and **DENIED in part**.

The court has the authority to order the "payment of just costs," including attorneys' fees when a suit is dismissed for lack of jurisdiction.  28 U.S.C. § 1919; *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) ("Article III allows an award of other costs of litigation, including attorneys' fees, incurred in the proceedings").  While the Seventh Circuit has not addressed what constitutes "just costs" under § 1919, the Court finds the Ninth Circuit's decision in *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152 (9th Cir. 2012) instructive.  The *Otay* court articulated a four-factor analysis for determining what is most fair and equitable based on the totality of circumstances: (1) the role played by exigent circumstances, such as hardship, prejudice, or culpable behavior by the parties (although it is clear that costs may be awarded absent exigent circumstances); (2) the strength of the plaintiff's jurisdictional claim; (3) the significance of pending parallel litigation in state court; and (4) other equitable considerations, as encapsulated by the question "what is fair here?"  *Otay*, 672 F.3d at 1158–59.  As the first and third factors don't apply here, the Court focuses its analysis on the second and fourth factors.

Article III standing has been a point of contention from the beginning of this litigation. Plaintiffs' theory was that although the alleged cybersecurity defect never manifested again after the controlled *Wired* hack, they nevertheless suffered an "overpayment" injury.  From the outset, Defendants argued that Plaintiffs lacked standing because the alleged design flaws had never caused them any legally cognizable injury-in-fact.  Plaintiffs' overpayment theory survived several pleading-stage challenges. But after discovery closed, facing a factual challenge to standing, Plaintiffs failed to cite credible evidence supporting their theory, notwithstanding the amount of discovery generated, including hundreds of thousands of documents, 31 depositions, and 10 separate expert reports.  Simply put, Plaintiff's jurisdictional claim was always tenuous at best.

With respect to the fourth factor – "what is fair? – equitable considerations warrant the imposition of a cost award in this case. Defendants incurred substantial costs and attorneys' fees in defending against Plaintiffs' claims, including persistently challenging their overpayment theory based on a lack of standing. In light of the totality of circumstances, it is fair and equitable to award Defendants some measure of costs.

Although the Seventh Circuit has not detailed a precise list of costs recoverable under § 1919, it has relied on 28 U.S.C. § 1920's definition of "costs" for guidance:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *Signorile v. Quacker Oats Co.*, 499 F.2d 142, 145 (7th Cir. 1974); *Otay,* 672 F.3d at 1160. Consistent with this as guidance, the Court makes the following cost awards to each Defendant.

### Deposition Costs

The lion's share of costs sought by Defendants is for deposition transcripts and videographer services. FCA seeks $92,300.54 and Harman seeks $97,000.44 in deposition costs. Deposition costs, including transcripts, are authorized under § 1920(2) as stenographic transcripts. *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir. 1998). A party can recover for the costs of both stenographic and video transcripts if both were reasonably necessary for the preparation of the case. *Little v. Mitsubishi Motors N.Am., Inc.*, 514 F.3d 699 (7th Cir. 2008).

Defendant Harman seeks $9,100.00 for videography costs associated with the depositions of 19 deponents. FCA seeks $16,752.19 in videography costs. However, neither Defendant offers

a reason why a video-depositions were necessary for those particular deponents.  As such, the Court will only award Defendants costs associated with the written transcripts; FCA is awarded $75,548.35 and Harman is awarded $87,900.44 in deposition costs.

### Reproduction Costs

FCA seeks $8,554.91 and Harman seeks $4,462.42 for costs incurred for printing and copying.  These expenses are recoverable if incurred for copies or printing used in the litigation. *See State of Illinois v. Sangamo Construction Co*., 657 F.2d 885 (7th Cir. 1981).  A party seeking photocopying costs is "required to provide the best breakdown obtainable for retained records". *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991).  Defendants' cost breakdown coupled with affidavits of their legal counsel adequately meets this standard.

### Hearing Transcript Costs

FCA seeks $488.55 and Harman seeks $795.10 for costs incurred to obtain hearing transcripts.  Plaintiffs do not specifically object to the costs.  Accordingly, the Court grants Defendants' motions as to the hearing transcript costs.

### Subpoena Costs

Section 1920(1) permits the Court to assess costs for clerk and marshal fees, a category that includes costs associated with the service of subpoenas. 28 U.S.C. § 1920(1).  While the term "marshal" as used in Section 1920(1) does not specifically include private process servers, the prevailing party may recover costs for using a private process server, provided those costs do not exceed fees charged by a marshal.  *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996).  The fee for personal service of a subpoena by the U.S. Marshal's Service is $65.00 per hour "plus travel costs and any other out-of-pocket expenses."  28 C.F.R. § 0.114(a)(3).

Here, FCA incurred $3,284.07 to serve 23 subpoenas on third parties to obtain necessary information relating to Plaintiffs' use and maintenance of their vehicles (Doc. 653-1, at ¶ 8). However, it seeks to recover only $1,495.00, the equivalent of the Marshal's rates.  Plaintiffs do not specifically object to these costs.  Accordingly, FCA's motion is granted as to the subpoena costs.

### Conclusion

The motions for costs under 28 U.S.C. § 1919 filed by Defendants FCA US and Harman International Industries Incorporated (Docs. 653, 655) are **GRANTED in part** and **DENIED in part**.  Defendant FCA US is awarded $86,086.81 in costs and Defendant Harman is awarded $93,157.96.

**IT IS SO ORDERED.**

**DATED:  August 25, 2022**

**STACI M. YANDLE**
**United States District Judge**