IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN FLYNN, GEORGE BROWN, KELLY BROWN, MICHAEL KEITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US LLC and HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 15-cv-855-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Brian Flynn, Michael Keith, and George and Kelly Brown filed this putative class action against Defendants FCA US LLC ("FCA") and Harman International Industries, Inc. ("Harman"), asserting consumer fraud claims related to an alleged design defect in the Uconnect system manufactured by Harman and installed in some of FCA's 2013-2015 model vehicles. After over four years of litigation, the Court granted Defendants' motion to dismiss for lack of subject-matter jurisdiction and dismissed the case with prejudice (Docs. 650, 651). The Seventh Circuit affirmed on appeal but modified the Judgment to reflect a dismissal for lack of subject-matter jurisdiction without leave to amend (Doc. 673).

Following the mandate from the Seventh Circuit, the Court granted in part FCA and Harmon's Bill of Costs (Docs. 652 and 654) and corresponding Motions for Taxation of Costs (Docs. 653 and 655) and awarded FCA $86,086.81 in costs and Harman $93,157.96 in costs. Now

pending before the Court is Plaintiffs' Motion for Reconsideration of Taxation of Costs (Doc. 677)[1].

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts generally construe it as a motion pursuant to Rule 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As Plaintiffs' motion was filed within 28 days after the entry of the Court's order awarding costs, it will be analyzed under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). A proper motion to reconsider does more than take umbrage and restate the arguments that were previously made and rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Plaintiffs assert that the Court's award of costs was "based on an evaluation of the record that [was] both significantly incomplete and demonstrably incorrect." Specifically, Plaintiffs argue that the Court should consider the full record of this litigation which contains "overwhelming evidence" establishing that class members were injured by overpaying for their vehicles. In other words, notwithstanding this Court and the Seventh Circuit's findings and conclusions, Plaintiffs

---

[1] Plaintiffs also move for leave to file a reply in support of the motion for reconsideration (Doc. 685). The Court finds no exceptional circumstances to justify the filing of a reply brief. Accordingly, the motion for leave is **DENIED**.

argue that their jurisdictional argument was strong and that there was ample evidence in the record to support a legally cognizable injury in fact.

In awarding costs, the Court considered factors enumerated in *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152 (9th Cir. 2012), including the strength of the jurisdictional claim and other equitable considerations. The Court specifically noted Plaintiffs' failure to cite credible evidence supporting their overpayment theory, both when faced with the factual challenge to standing in the motion to dismiss and in response to the motions for costs.

Here, Plaintiffs acknowledge that the strength of the jurisdictional claim is "[c]hief among the factors courts consider in determining whether "just[ice]" favors shifting costs under § 1919" and focus their request for reconsideration on that factor.  However, their motion is essentially an attempt – albeit a vigorous one – to relitigate the jurisdictional issue and reassert the theory the Court rejected *after* a thorough review of the extensive litigation record.  Simply put, while Plaintiffs disagree with the Court's order awarding costs, they fail to identify a manifest error of law or fact committed by the Court in doing so.

Accordingly, Plaintiffs' motion (Doc. 677) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 19, 2022**

**STACI M. YANDLE**
**United States District Judge**